July 11, 2005

William H. Connolly, Esq.
Assistant United States Attorney
United States Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02110

Re:   United States v. Michael Vaccaro,
      Criminal No. 05-10135-NMG

Dear Mr. Connolly:

      We write this letter to address discovery compliance obligations in accordance with Rule 16 of the Federal Rules of Criminal Procedure and Local Rule 116. We received your letter dated June 27, 2005 providing us with transcripts of the testimony of ten (10) witnesses who appeared before the Grand Jury. In follow-up thereto, Michael Vaccaro ("the defendant"), hereby requests the following additional information or accommodations:

(1) Please identify all witnesses the government intends to introduce at trial and provide all statements from those witnesses not contained in the Grand Jury transcripts.

(2) Please identify by exhibit number, and describe, all records, documents and tangible evidence the Government intends to introduce in its case-in-chief against the defendant. Please also state when all of the same will be made available for photocopying and inspection by the defendant.

(3) Please identify all promises, rewards, inducements, or immunity granted to any of the government's witnesses or informants in this case. If the government has granted immunity to an individual, please also provide Defense Counsel with the actual immunity agreement.

(4) Please provide Defense Counsel with the criminal history and records (including Board of Probation records) of all of the government's witnesses.

(5) Please identify all of the government's expert witnesses.

(6) Please provide the curriculum vitae of all of the government's expert witnesses.

(7) Please provide any statements or reports prepared by the government's expert witnesses.

(8) Please identify all of the arson investigators involved in this case.

(9) Please provide Defense Counsel with the curriculum vitae of all of the arson investigators involved in this case.

(10) Please provide any statements or reports prepared by the arson investigators involved in this case.

(11) Please provide Defense Counsel with any all evidence suggesting or demonstrating that the actual Martinson coffee can allegedly involved in the arson at 47 Chapel Street in Lowell was, in fact, purchased at Market Basket in Westford, Massachusetts.

(12) Please provide Defense Counsel with any and all evidence suggesting or demonstrating that the defendant and/or his wife purchased the actual Martinson coffee can allegedly involved in the arson at 47 Chapel Street in Lowell.

(13) Please provide Defense Counsel with any and all evidence regarding purchases of Martinson brand coffee by the defendant and/or his wife, including, dates of purchase, credit card charges and imprints, sales slips and/or other documentation.

(14) Please provide Defense Counsel with the crime scene and arson investigation photographs of the interior (including the door) and exterior of the premises of 47 Chapel Street in Lowell.

(15) Please provide Defense Counsel with all Jenks material.

(16) Please provide Defense Counsel with all Giglio material.

(17) Please provide Defense Counsel with all Brady material and exculpatory evidence.

(18) Please provide Defense Counsel with a copy of the prosecution memorandum in this case requesting approval to seek an indictment.

The defendant is cognizant of his reciprocal discovery obligations under Rule 16 and Local Rule 116. Consistent with these rules, however, the defendant also reserves his right to seek further discovery in this matter.

Very truly yours,

/s/ Brad Bailey

Brad Bailey
Jeffrey A. Denner
Gary G. Pelletier
Counsel for Michael Vaccaro

Cc: The Honorable Marianne B. Bowler