```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
        v.                    )
                              )    CR. NO. 05-10135-NMG
MICHAEL VACCARO               )
                              )
```

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
### TO SUPPRESS IDENTIFICATION EVIDENCE

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Donald L. Cabell, hereby opposes the defendant's motion to suppress evidence of his identification by a number of witnesses through a photo array. The motion should be denied because the procedure was not impermissibly suggestive, and the identifications were in any event reliable.

**Relevant Facts**

The indictment in this case arises from an explosion that occurred on the first floor of 47 Chapel Street in Lowell, MA, on October 1, 2004. On October 14 and 22, 2005, and as part of the ensuing investigation, officers conducted a total of four separate identification procedures.

The officers took several precautions to ensure that the procedure was free of suggestion. In each instance the officers used the same 8-picture photo array, which depicted the defendant and seven other men who shared the same physical characteristics in terms of race, age group, hair color, and facial hair (moustache). The agents also conducted each procedure

separately, at the Lowell Police station, so the witnesses would not be influenced by one another.  And prior to each identification procedure, the officers advised each witness among other things that they were going to be shown a group of photos in random order, that the person who committed the crime might or might not be depicted so there was no compulsions to make an identification, that the investigation would continue regardless of whether the witness made an identification, that the officers would not give the witness any feedback on their identification, and that the witness should not discuss their identification with any other witnesses.

   The first witness, Ms. Anissa Willette, had been with the defendant at 47 Chapel Street just hours before the explosion. She reviewed the array at 11:55 a.m. on October 14, 2004.  After reviewing the array she positively identified the defendant as the person she had been associating with, and circled the photo and wrote her initials next to it.

   The second witness, Mark Mascaro, reviewed the array on October 14th at 12:25 p.m.  When he saw the defendant's photo he stated that, on a scale of 1 to 10, he rated the defendant as a "7 ½ to 8" as being the person he observed with Ms. Willette a few hours prior to the explosion at 47 Chapel Street.  Mr. Mascaro said the forehead, nose, eyes and hairstyle were an exact match and he added that he did not recognize any other person

depicted in the array.

A third witness, Antonio DeFreitas, also observed a man with Ms. Willette at 47 Chapel Street prior to the explosion. He reviewed the photo array later at 3:50 p.m. on October 14th. Mr. DeFreitas identified the defendant as "more likely" the person he observed, and rated his conviction as being an 8 out of 10. Mr. DeFreitas was positive that the remaining photos did not depict the person he had seen.

Finally, Thomas Mascaro observed the photo array on October 24, 2004, at 3:00 p.m. He positively identified the defendant as the person he had seen with Ms. Willette prior to the explosion, and circled and initialed the photo to reflect his identification.

### **Argument**

**THE IDENTIFICATIONS ARE ADMISSIBLE BECAUSE THE IDENTIFICATION PROCEDURE WAS NOT IMPERMISSIBLY SUGGESTIVE. THE IDENTIFICATIONS WERE, REGARDLESS, RELIABLE.**

Identification evidence should not be withheld from a jury unless the court is persuaded "that there was a very substantial likelihood of irreparable misidentification." See United States v. Watson, 76 F.3d 4, 6 (1st Cir. 1996) (quoting United States v. de Jesus-Rios, 990 F.2d 672, 677 (1st Cir. 1993)) cert. denied, 517 U.S. 1239 (1996). This determination involves a two step analysis. Manson v. Brathwaite, 432 U.S. 98 (1977). First, the court must determine whether the procedure was not just

suggestive, but *impermissibly* suggestive.  United States v. Watson, 76 F.3d at 6-7. (emphasis added) (Noting that all show-ups contain some inherent element of suggestiveness.).  If the court finds that the procedure was not impermissibly suggestive, the defendant's motion must be denied.  However, even if the court were to find that the procedure used was in fact excessively suggestive, it must then inquire whether the identification itself was nevertheless reliable under the totality of the circumstances, in which case evidence of the identification is admissible. Id.

    1.    <u>The Defendant Cannot Show that the Identification Procedure was Impermissibly Suggestive.</u>

Commendably, the officers conducting the identification procedures took several steps to ensure the absence of any suggestiveness.  First, in creating the array, they selected along with a photo of the defendant seven other men who generally matched the defendant in appearance.  The photos were the same size and were arranged four on top and four on below; no one picture was emphasized more than the others.  The agents conducted each procedure separately.  They did not tell the witnesses whether the suspect was among those in the array.  They also told the witnesses they should not feel any obligation to pick out anyone.  In short, the agents did not do anything at all to predispose the witnesses identify the defendant, and did everything to ensure that any identification rested entirely on

the witness' recollection.

Notably, the defendant has failed to cite a single case where a court found a similarly conducted procedure to be impermissibly suggestive, let alone suggestive at all. More importantly, because the defendant cannot make this threshold showing, the motion to suppress must be denied.

2.   Regardless, the Identifications were still Reliable.

Since the identification procedures at issue were not impermissibly suggestive, no further inquiry is necessary and the defendant's motion should be denied. But even assuming, arguendo, that there was some excessive suggestion, it would not warrant suppression of the identifications. "There is no per se rule excluding identifications tainted by impermissibly suggestive procedures; such identifications will be admitted at trial if the totality of the circumstances indicates that they are reliable." United States v. Bouthot, 878 F.2d 1506, 1516 (1st Cir. 1989); Manson, 432 U.S. at 114 ("reliability is the linchpin in determining the admissibility of identification testimony").

To determine the reliability of an extra-judicial identification, certain factors must be considered. These factors include: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of

the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation." Biggers, 409 U.S. at 199-200. "Against these [Biggers] factors is to be weighed the corrupting effect of the suggestive identification itself." Manson, 432 U.S. at 114 (directing attention to factors previously set out in Neil v. Biggers, 409 U.S. 188, 199-200 (1972)); see also United States v. de Jesus-Rios, 990 F.2d at 677.

A consideration of these factors here easily shows that the witnesses' identifications of the defendant were reliable. There is no suggestion that any of the witnesses lacked an adequate opportunity to view the defendant. Indeed, one of the witnesses was with the defendant, and the others were there on the premises and saw the defendant with her. And although it is apparent that the victims paid varying degrees of attention to the defendant, all were in close proximity to him at some point. It is not surprising then that two witnesses expressed absolutely no doubt in identifying the defendant, and that two others, while not 100 percent certain, were still 75 to 80 percent certain. Cf. United States v. Zolicoffer, 92 F.3d 512, 515 (7th Cir. 1996)(no requirement that identification be 100 percent); Cevallos-Bermeo v. Hendricks, 2006 WL 54026, *13 (D.N.J. January 10, 2006). Finally, three of the witnesses observed the array within 2 weeks of the event and the fourth did so within just a little over

three weeks.  See United States v. Lawson, 410 F.3d 735, 739 (D.C. Cir. 2005)(identification procedure conducted "several weeks" after event not unreasonable).

In sum, a consideration of all the recognized, relevant factors underlying show-up identifications shows that the identification was reliable and therefore should be admissible in court.

**Conclusion**

For the reasons stated above, the defendant's motion to suppress evidence of the identifications should be denied.

                          Respectfully submitted,

                          MICHAEL J. SULLIVAN
                          United States Attorney

            By:

                          /s/Donald L. Cabell
                          DONALD L. CABELL
                          Assistant U.S. Attorney