UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>     v.                                )<br> )   CR. NO. 05-10135-NMG<br>MICHAEL VACCARO                )<br> ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION**
**TO DISMISS INDICTMENT**

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Donald L. Cabell, hereby opposes the defendant's motion to dismiss the indictment. The defendant contends that the fact that three grand jury ingested heroin prior to testifying "fatally prejudices the indictment process and constitutes a violation of fundamental fairness." The defendant does not contend that the government knowingly presented false or misleading testimony, or even that the witnesses gave false testimony. Rather, the defendant asks the Court to hold that an indictment must be dismissed as unreliable *per se* whenever it is established that a witness has ingested narcotics prior to testifying. This argument fails easily an the Court should reject it.

As the Supreme Court has held, "[p]rovided the grand jury is unbiased and the indictment valid on its face, the indictment "is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." United States v. Calandra, 414 U.S. 338, 363 (1974); see also United

States v. Reyes-Echevarria, 345 F.3d 1, 5 (1st Cir. 2003). That is the case here: the defendant alleges that the evidence (or a portion of it) is incompetent, but he does not allege bias by the grand jury or that the indictment as framed fails to charge the defendant with a violation of federal law.

To be sure, the defendant argues that the Supreme Court has recognized exceptions to this well established rule. He argues, based on wording from the Supreme Court's holding in Bank of Nova Scotia v. United States, 487 U.S. 250 (1988), that this Court can dismiss the indictment where the defendant can show an "error rising to the level of actual prejudice" or something which so compromised the "structural protections" of the grand jury as to "render the proceedings fundamentally unfair." See Bank of Nova Scotia, 487 U.S. at 257. The defendant cannot make this showing, however.

As an initial matter, there simply is no basis to presume that a witness's testimony is unreliable simply because the witness has ingested drugs or alcohol. Indeed, each of the witnesses at issue testified that he or she was not high, and was aware of their surroundings and understood the questions being asked of them notwithstanding their use of heroin hours before. Similarly, the fact that the witnesses answered the questions is itself evidence that the witnesses were in control of their cognitive and intellectual faculties.

Moreover, even assuming for the sake of argument that drug use rendered a witness unreliable, the Supreme Court's <u>Calandra</u> decision and its progeny unambiguously hold that an indictment "is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or ***incompetent evidence.***" <u>Calandra</u>, 414 U.S. at 363.  The language the defendant cites from <u>Bank of Nova Scotia</u> is not inapposite.  The Court made clear there that it was referring to "isolated exceptions" typified by extreme and unusual acts such as exclusion of members from the grand jury on the basis of race or sex.  <u>See</u> <u>Bank of Nova Scotia</u>, 487 U.S. at 256-257.  Notably, the defendant cites no case law in which the court found a grand jury witness's use of narcotics prior to testifying to so taint the grand jury process as to warrant dismissal of the indictment.

Finally, rejecting the defendant's novel argument does not leave him without a remedy because he is free to cross examine the witnesses regarding their drug use at trial.

**Conclusion**

For the reasons stated above, the defendant's motion to dismiss the indictment should be denied.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                        By:

                              /s/Donald L. Cabell
                              DONALD L. CABELL
                              Assistant U.S. Attorney
```