UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ )
UNITED STATES OF AMERICA )
)    Crim. No. 05-10135-NMG
v. )
)
MICHAEL VACCARO )
_____ )

## DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

The defendant in the above-captioned case hereby moves this Honorable Court to put the following questions to the jury panel **individually**.  Grounds for the present request for such individualized questioning are as follows:

A.)    Individual voir dire will provide the parties with a much better procedure to determine whether each person stands indifferent or is affected by any bias, prejudice or interest.

B.)    Sensitive issues such as some of those suggested below require individual questioning, since collective questioning may not elicit a response from a particular juror simply because he/she may be too embarrassed, shy, or cautious to answer candidly.  See Irvin v. Dowd, 366 U.S. 717, 728 (1961) ("No doubt each juror was sincere when he said that he would be fair and impartial... but the psychological impact of requiring such a declaration before one's fellows is often its father".)  Further, the American Bar Association Project on Minimum Standards for Criminal Justice recommends questioning jurors individually, "outside the presence of other chosen and prospective jurors" in criminal cases where "questions of possible prejudice are raised."  *ABA Standards for Criminal Justice 8-3.5 (1980).*

The defendant offers the following questions as a supplement to the Court's "standard" questions for prospective jurors in a criminal trial. The questions are as follows:

1)      Have you seen, heard, or read anything about this case?

2)      This case involves an allegation of arson, possession of an unregistered firearm, and possession of a destructive device in furtherance of a crime of violence. The defendant is presumed innocent of these charges unless and until the government proves him guilty beyond a reasonable doubt. Is there anything about the crimes of arson of firearm possession that would cause you to disregard the defendant's presumption of innocence?

3)      Is there anything about the crimes of arson or firearm possession that would affect the way you would view this case or would make it difficult for you to fairly and impartially decide this case solely upon the evidence produced at trial?

4)      Have you, your spouse, your family members, or any of your close friends been a victim of arson?

5)      Have you, your spouse, your family members, or any of your close friends been the victim of a violent crime or a crime involving a firearm?

6)      Have you, your spouse, your family members, or any of your close friends suffered injuries or property damage as a result of a fire? If so, how would that affect how you view this case?

7)      Have any newspaper articles, television reports, or media coverage about arson or firearm offenses affected how you would view this case or make it

difficult for you to fairly and impartially decide this case solely upon the evidence produced at trial?

8)    Your going to hear that this defendant previously visited 47 Chapel Street for the purposes of using the services of a prostitute.  Prostitution is not a charge in this case.  Would the fact that the defendant attempted to solicit sex from a prostitute cause you to believe that he was more likely to have committed the arson or firearm charges in this case?

9)    Is there anything about prostitution or the act of soliciting sex that would prohibit you from judging this case based on the facts and the evidence presented?

10)    You are going to hear from federal agents from the FBI, the Massachusetts State Police Arson Investigation Unit, and the Lowell Police Department?  Is there anything about these agencies that would cause you to question the defendant's innocence or affect your ability to be fair and impartial and decide this case solely upon the evidence presented?

11)    Would you tend to believe or give more weight to the testimony of a Law enforcement officer such as a police officer, FBI agent and/or State Police Arson Investigator rather than a civilian witness simply because he/she is a law enforcement officer?

12)    Do you now or have you in the past, worked for any local, state, or federal law enforcement agency?  Do you have any relatives, close friends, or neighbors who presently work for, or who have in the past, worked for any such law enforcement agency?

13)     Do you now or have you in the past, worked for as a firefighter?  Do you have any relatives, close friends, or neighbors who presently work for, or who have in the past, worked as a firefighter?

14)     Do you have any degrees or training in the field of chemistry?

15)     Do you have any training, experience, or knowledge regarding pyrotechnics or the causes and origins of fires?

16)     Do you have any training, experience, or knowledge regarding improvised explosive devices, explosives, or bombs?

17)     You're going to hear about a fire or an explosion on 47-49 Chapel Street in Lowell, Massachusetts.  Are any of you familiar with the Chapel Street area of Lowell?

18)     Have you or any relative, close friend or neighbor ever been a victim of a crime or a witness to a crime?  If so, please describe the crime and state whether such experience would affect your ability, to even the slightest degree, to render a fair and impartial verdict in this case?

19)     Do you have any opinion about the criminal justice system, defense lawyers, prosecutors, or law enforcement officers that would in any way affect your ability to render a fair and impartial verdict in this case?

20)     The defendant is presumed innocent as he stands before you today.  Do you have any feelings that suggest to you that had the defendant done nothing wrong he would not be before you today as a defendant?

21)     Do you believe that because the government has accused the defendant of a crime that it makes it more likely that he committed that crime?

22)    Do you have any feelings that suggest to you that, in order to find the defendant not guilty, he must prove to you that he is not guilty?

23)    Do you understand that you would be following the law by finding the defendant not guilty in this case if you believed the evidence presented by the prosecution relating to that defendant did not prove to you that he was guilty beyond a reasonable doubt regardless of the prosecution's efforts?

24)    Do you understand that you are required to find the defendant not guilty if you believe that the evidence presented against him by the prosecution fails to prove his guilt beyond a reasonable doubt?

25)    Are you willing to accept the rule that the defendant is presumed innocent and remains so until the jury unanimously agrees, during deliberations, that the government has proved each and every element of every charge against him beyond a reasonable doubt?

WHREFORE, the defendant respectfully requests that the Court pose the foregoing questions individually to each prospective member of the jury.


Dated: February 17, 2007                    Respectfully submitted,
Boston, Massachusetts                       MICHAEL VACCARO
                                            By his attorneys,

                                            /s/ Brad Bailey
                                            _____
                                            R. Bradford Bailey, BBO#549749
                                            Gary G. Pelletier, BBO#631732
                                            DENNER●PELLEGRINO, LLP
                                            Four Longfellow Place, 35th Floor
                                            Boston, MA 02114
                                            (617) 227-2800