UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL VACCARO,<br><br>               Defendant. | Crim. No. 05-10135-NMG |

## MOTION TO QUASH SUBPOENA DUCES TECUM

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), non-party Danvers-DCIII, Inc.,

f/k/a Ira Chrysler Jeep Dodge and operating under the trade name the Ira Motor Group ("IMG"),

hereby moves to quash the subpoena ("Subpoena") served upon it on February 27, 2007 by the

Defendant in the above-captioned matter, Michael Vaccaro ("Mr. Vaccaro").[1]  Specifically, IMG

requests that this Court quash the Subpoena IMG is a disinterested third-party with no

relationship to this proceeding, and because the Subpoena compels the production of voluminous

and inaccessible corporate records and data, and thus, compliance with the subpoena would be

unreasonable and oppressive.  Mr. Vaccaro seems to be fishing for potentially relevant

information through IMG so that he can essentially use IMG as an unpaid expert witness.

## BACKGROUND

Until last year, IMG operated a Dodge-brand automobile dealership located in Lowell,

Massachusetts.  IMG conducted business as "Ira Chrysler Jeep Dodge" and sold Chrysler, Jeep

---

[1] The subpoena is addressed to Matthew McGovern as CFO of Ira Motor Group.  Ira Motor Group is a trade name used by Group 1 Automotive, Inc., for the 13 dealerships that it operates throughout Massachusetts and New Hampshire.

and Dodge automobiles.  IMG ceased operations in June, 2006, and moved all records relating to its business to an offsite storage facility.  On February 27, 2007, IMG received the Subpoena from Mr. Vaccaro requesting that IMG produce "any and all records in [its] custody and control indicating the number of dark colored trucks sold by the Dodge dealership your company previously owned and operated at 724 Rogers Street, Lowell, MA 01852, from January 1, 2004 through the sale and/or transfer of ownership of said dealership in 2006."

IMG is not a party to the criminal proceedings against Mr. Vaccaro, is unaware of the pending charges, and has no stake in the outcome of his prosecution.

## ARGUMENT

A court "may quash or modify [a] subpoena if compliance would be unreasonable or oppressive."  Fed. R. Crim. P. 17(c)(2).  This Court has broad discretion in determining whether a subpoena should be quashed.  *See United States v. Nixon*, 418 U.S. 683, 702 (1974).

The general test for enforcement of a subpoena issued under Rule 17(c) is whether the subpoena is a "good faith effort to obtain identified evidence rather than a general 'fishing expedition' that attempts to use the rule as a discovery device."  *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980).  *See also Nixon*, 418 U.S. at 699-700 ("the [] party [issuing the subpoena] must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition")(internal quotations and citation omitted).  In other words, if the party issuing the subpoena cannot demonstrate the "relevancy, admissibility, and specificity" of the subpoenaed

materials, the court need not order production. *United States v. The LaRouche Campaign*, 841 F.2d 1176, 1179-1180 (1st Cir. 1980)(because defendant who issued subpoena made "threshold showing of admissibility, relevancy and specificity," the court rejected subpoenaed party's argument that subpoena was "unreasonable or oppressive" and should be quashed); *United States v. Gikas*, 112 F.R.D. 198, 201 (D. Mass. 1986)(holding that defendants in tax fraud prosecution were not entitled to subpoena accountants for additional documents because defendants failed to demonstrate "that the materials sought [were] relevant and of evidentiary value to a defense against the allegations").

In addition, by way of analogy, Rule 45 of the Federal Rules of Civil Procedure provides guidance as to the burden that compliance with the Subpoena places on a third-party such as IMG. Rule 45 states that a court "shall quash or modify the subpoena if it . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). Generally, courts look to the standard set forth in Fed. R. Civ. P. 26 for determining what constitutes an "undue burden." Under Rule 26(b)(2), a burden is "undue" if the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issue." *See Cosumano v. Microsoft Corp.*, 162 F.3d 708, 714 (1st Cir. 1998). Moreover, when the subpoena seeks discovery from a non-party, the court should afford "special weight in evaluating the balance of competing needs." *See id.* at 717.

In this case, it is unreasonable, oppressive and unduly burdensome for IMG to comply with the Subpoena. Mr. Vaccaro seeks any records "indicating the number of dark colored trucks sold by" IMG over more than a two-year period of time. First, the term "dark colored" is patently ambiguous and provides no guidance for narrowing a search for records. Moreover,

-3-

every sale or lease transaction at IMG involved a multitude of documents, each of which may give some indication of what kind of automobile was sold. Thus, there are thousands of documents that are potentially responsive to the Subpoena that are randomly stored with completely unrelated documents associated with separate transactions. Moreover, IMG is no longer in business, and records relating to its automobile sales are in storage and not easily accessible. In addition, IMG is not a party to this criminal prosecution, and would need to obtain these voluminous records at its own expense. In sum, the Subpoena is overbroad, lacks specificity, and requires the production of voluminous business records that are difficult to access and produce.

Furthermore, by requesting these documents, Mr. Vaccaro is essentially forcing IMG to act as an unpaid expert providing statistical information regarding the sales of dark-colored Dodge trucks. If Mr. Vaccaro seeks such information, he should hire an expert witness who can compile such data, or attempt to obtain the data through more reasonable and less burdensome means that do not involve "fishing expeditions" to disinterested third parties for potentially relevant information.

WHEREFORE, pursuant to Rule 17(c)(2), IMG seeks an order of this Court quashing the Subpoena it received from Mr. Vaccaro on February 27, 2007.

Respectfully submitted,

IMG
By its attorney,

/s/ Scott. A. Silverman
Scott A. Silverman, Esq. BBO # 638087
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
Tel. (617) 449-6500

Dated: March 12, 2007

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day a true copy of this Motion was served upon the attorney of record for each party in the above-entitled action.

By: _____

Date: _____

ME1 6227507v.1