```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
                                        )
UNITED STATES OF AMERICA                )
                                        )
         v.                             )   CR. NO. 05-10135-NMG
                                        )
MICHAEL VACCARO                         )
                                        )
```

**GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT**
**<u>TAPE RECORDING OF 911 CALLS</u>**

The United States of America, by and through Michael J. Sullivan, United States Attorney, and Donald L. Cabell, Assistant United States Attorney, hereby moves *in limine* for the admission of a tape recording of 911 calls. As the Court is aware, this case arises from a fire/explosion that occurred on October 1, 2004 outside of a dwelling at 47-49 Chapel Street in Lynn, Massachusetts. A number of neighbors heard or saw the initial explosion and/or ensuing fire and called 911 to convey their information. The tape recording is a compilation of the calls.

The tape recording is unquestionably relevant because it consists of statements which will help the jury to place relevant events in time and place, and to understand why fire and police officials and others responded or went to Chapel Street at that time. The 911 calls also corroborate portions of the anticipated testimony of specific witnesses who are expected to be subjected to vigorous cross examination. Although the government does not intend to call the actual callers to testify, the 911 calls themselves are admissible under two well established exceptions

to the hearsay rule. The statements constitute present sense impressions under Fed. R. Evid. 803(1) because they describe or explain an event while the declarant was perceiving the event, or immediately thereafter, and also constitute excited utterances under Fed. R. Evid. 803(2) because they relate to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. See e.g., United States v. Shoup, 476 F.3d 38 (1st Cir. 2007).

Further, admission of the tape recording will not violate the defendant's rights under the Sixth Amendment's Confrontation Clause because the statements are nontestimonial and thus do not fall within the scope of the Confrontation Clause. The Sixth Amendment dictates that in all "criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. CONST. amend. VI; Pointer v. Texas, 380 U.S. 400, 403 (1965). In Crawford v. Washington, the Supreme Court held that the right to confrontation bars the "admission of **testimonial** statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 53-54, (2004)(emphasis added). The Court, however, declined to offer a comprehensive definition of "testimonial." In the recently decided Davis v. Washington, 126 S.Ct. 2266 (2006), however, the Supreme Court held that statements are

nontestimonial "when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." Davis, 126 S.Ct at 2273.  By contrast, statements are "testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." Id.

   Applied here, there is no issue that the 911 calls, just as the 911 calls at issue in Davis, are nontestimonial. Indeed, in Davis, even where the caller contacted the police after being attacked and identified the defendant as her assailant, the Court found the caller's statements to be nontestimonial because the purpose of the interrogation (by the 911 operator) was to deal with an ongoing emergency rather than to investigate.  In this case, none of the callers identifies the defendant or describes seeing anyone who may have been responsible, and there is thus no basis to argue or even suggest that the primary purpose of the calls was to further some criminal investigation.  On the contrary, the primary purpose of the calls in each instance was to impel fire officials to respond to the scene of a fire.  In short, the tape recording of the 911 calls consists of

3

nontestimonial statements and does not implicate the defendant's' right to confrontation.

                            Respectfully submitted,

                            MICHAEL J. SULLIVAN
                            United States Attorney

                    By:  /s/Donald L. Cabell
                            DONALD L. CABELL
                            Assistant U.S. Attorney