UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | No. 05-CR-10135-NMG |
| MICHAEL VACCARO | ) ) ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO QUASH SUBPOENA DUCES TECUM**

Michael Vaccaro ("the defendant") submits this memorandum of law in opposition to Ira Motor Group's ("Ira") motion to quash a subpoena duces tecum directing the non-party automotive dealership to produce "any and all records in [its] custody and control indicating the number of dark colored trucks sold by the Dodge dealership your company previously owned and operated at 724 Rogers Street, Lowell, Massachusetts 01852, from January 1, 2004 through the sale and/or transfer of ownership of said dealership in 2006." (Subpoena to Ira). Ira previously operated a car dealership known as Ira Chrysler Jeep Dodge at 724 Rogers Street in Lowell. Ira ceased its business operations at the Lowell facility in June of 2006. Ira claims it moved all records relating to the Lowell dealership to an "offsite storage facility." (Ira Motion at 2).

Ira now moves to quash the defendant's subpoena under Rule 17(c)(2) of the Federal Rules of Criminal Procedure. Ira argues that forcing the dealership to produce the requested materials would constitute an undue burden and permit the defendant to engage in a fishing

expedition.  Ira's objections are inaccurate and demonstrate a complete misapprehension of the facts of this case.

Federal Rule of Criminal Procedure 17(c)(1) permits a party to subpoena books, papers, documents, and other tangible items for use as evidence at trial.  Unlike Rule 16 of the Federal Rules of Criminal Procedure, Rule 17 is not a discovery mechanism or a substitute for the discovery process.  Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951).  Rather, it exists to allow parties to obtain otherwise unobtainable information for use at trial.  Id.; see United States v. Decologero, No. 01-CR-10373-RWZ, 2006 WL 83471, at *2 (D. Mass. Jan. 13, 2006).  The proponent of the subpoena must show that the materials sought are admissible in evidence at trial.  Decologero, 2006 WL 83471, at *2.

Here, despite allegations of a fishing expedition from a non-party who admittedly "is unaware of the pending charges" (Ira Motion at 2), the defendant seeks the production of relevant and material information for use at trial.  Specifically, one of the government's witnesses has alleged he saw a dark blue or black Chevy or Dodge truck in the vicinity of 47-49 Chapel Street in Lowell on the night of the alleged arson.  The defendant later admitted that he owns a black Dodge truck.  See United States v. Vaccaro, 445 F. Supp.2d 82, 85 (D. Mass. 2006).  Using the defendant's admission, the government clearly intends to draw the inference – circumstantially – that the defendant committed the arson offense because he supposedly was at 47-49 Chapel Street earlier in the day and he drives a vehicle that approximately matches the vague description given by the government's witness.

The information sought refutes the government's contention.  The number of dark pickup trucks sold by a Lowell dealership in the same city where the crime allegedly occurred during the same year when the crime allegedly occurred directly rebuts the government's attenuated

circumstantial claim that the defendant perpetrated this offense simply because he owns a dark pickup truck and a witness observed a dark pickup truck at the scene of the crime.[1]  Hence, the information is relevant and exculpatory.  Unquestionably, the evidence is admissible to counter the government's circumstantial evidence probability argument.  Moreover, the defendant cannot obtain this information through other sources by exercising due diligence.  Ira was *the* Chrysler and Dodge dealership in the Lowell area.  It alone would have records as to how many vehicles it sold as well as the makes, models, and colors of those vehicles.

Although the defendant requested that Ira produce all records of the dark colored trucks sold from January 1, 2004 to June 2006, he stands prepared to modify the subpoena to request only records of the number of black and navy blue trucks sold during the year 2004 if it will facilitate production of the information sought.  Otherwise, Ira's claim of undue burden rings false.  The defendant's subpoena is narrowly tailored to request items from a specifically delineated time period, and it requests records solely from one dealership that sold only two models of Dodge trucks: Dakota and Ram.  In an age of computerized technology, it is unfathomable that Ira does not maintain electronic records of its dealership's vehicle sales.  Dealerships no doubt routinely keep information about what types of vehicles create the most revenue.  The popularity of a particular color no doubt plays a critical role in the acquisition of additional inventory from the manufacturer or the supplier.

If Ira continues to advance its specious argument that production of the requested material will be overly burdensome, then the defendant requests a hearing on this motion.  The defendant would ask the Court to compel Ira record keepers to appear in court and explain fully why compliance with this subpoena will prove impractical.  Ira record keepers should testify

---

[1] No witness has identified the defendant as the person lurking around 47-49 Chapel Street just prior to the alleged arson.

under oath that they do not have the requested records on a computer. Given modern business practices, any claim that the dealership cannot readily access the requested information should engender a high degree of skepticism. At the very least, the defendants should have an opportunity to explore this issue in court. Balancing the constitutional issues at stake for the defendant against the supposed unduly burdensome arguments advanced by Ira, due process favors production of the requested material.

## CONCLUSION

For the foregoing reasons, the defendant respectfully asks the Court to adopt the defendant's proposed modifications and deny Ira's motion to quash subpoena duces tecum.

Dated: March 15, 2007

Respectfully submitted,
MICHAEL VACCARO
By his attorneys,

/s/ Gary G. Pelletier
_____
R. Bradford Bailey, BBO#549749
Gary G. Pelletier, BBO#631732
DENNER●PELLEGRINO, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114
(617) 227-2800

Certificate of Service

I, Gary G. Pelletier, hereby certify that I have served a true and complete copy of the within opposition memorandum upon all parties via ECF.

/s/ Gary G. Pelletier
_____
Gary G. Pelletier