UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 05-CR-10135-NMG |
| ) | |
| MICHAEL VACCARO ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE STATEMENT**

Michael Vaccaro ("the defendant"), by and through undersigned counsel, hereby moves this Honorable Court to enter an order excluding the admission at trial of his alleged statement directing his wife not to answer a question posed to her by a government agent. Specifically, in October of 2004, ATF Agent Konstantinos Balos ("Balos") appeared at the defendant's home and attempted to ask the defendant's wife a question about whether she had any Martinson Coffee in her kitchen. See United States v. Vaccaro, 445 F. Supp.2d 82, 85 (D. Mass. 2006). "[The] defendant loudly ordered her not to answer and the investigators suspended the interview and left the premises." Id. The defendant asks the Court to exclude testimony of the defendant's order directing his wife not to answer the agent's questions.

It is axiomatic that a wife has a privilege not to testify against her husband. Trammel v. United States, 445 U.S. 40, 53 (1980). Hence, the defendant's wife did not have to answer the question posed to her by law enforcement. The defendant merely instructed her to remain silent. His admonition to her is no different that if the defendant's attorney had advised her not to answer law enforcement's questions. Serious due process concerns arise if the government

introduces an instruction to exercise a well-recognized evidentiary privilege simply because that instruction originated from the defendant. Moreover, Federal Rule of Evidence 403 also compels exclusion of the statement. The statement erroneously creates a false impression of consciousness of guilt simply because the defendant told his wife not to answer a question. Obvious potential exists that the statement may confuse the jury and prejudice the defendant. Given that this is a circumstantial case with no percipient identification witnesses presented by the government, the Court should stand especially vigilant against the admission of misleading testimony.

WHEREFORE, the defendant respectfully asks the Court to exclude his statement directing his wife not to answer the agent's questions.

Dated: March 15, 2007

Respectfully submitted,
MICHAEL VACCARO
By his attorneys,

/s/ Gary G. Pelletier
_____
R. Bradford Bailey, BBO#549749
Gary G. Pelletier, BBO#631732
DENNER●PELLEGRINO, LLP
Four Longfellow Place, 35th Floor
Boston, MA  02114
(617) 227-2800

Certificate of Service

I, Gary G. Pelletier, hereby certify that I have served a true and complete copy of the within opposition memorandum upon all parties via ECF.

/s/ Gary G. Pelletier
_____
Gary G. Pelletier