UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA ) | ) | |
| v. | ) | No. 05-CR-10135-NMG |
| MICHAEL VACCARO | ) ) ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ARMED HOME INVASION**

Michael Vaccaro ("the defendant"), by and through undersigned counsel, hereby moves this Honorable Court to enter an order excluding the admission at trial of any evidence of an armed home invasion occurring on or about February 25, 2007. Specifically, the Court previously continued the trial in this matter from March 5, 2007 to April 2, 2007 after the defendant reported that he and his family had fallen victim to an armed invasion in their Groton, Massachusetts home. The defendant previously explained that masked gunmen burst into his home, bound him and his family with duct tape, and threatened to murder him and his family unless he paid a sum of money. Although the trauma wrought from the armed home invasion served as the basis for continuing the trial, it has no relation nor bearing on the merits of this case.

Federal Rule of Evidence 402 only permits the introduction of relevant evidence and forbids the admission of non-relevant evidence. Here, the evidence of an armed home invasion is irrelevant to the crimes charged in the indictment and the facts of this case. A grand jury has

charged that the defendant committed arson by employing a destructive device to burn a residence located at 47-49 Chapel Street in Lowell.  The facts of this case have nothing to do with an armed home invasion, and the fact that the armed invaders victimized the defendant has no tendency whatsoever to prove or disprove that he committed the offenses charged.  The armed home invasion incident in Groton on February 25, 2007 and the arson offense in Lowell on October 1, 2004 have no relation in manner, pattern, distance, or time.  It is wholly irrelevant to this case.

Even if the Court somehow concludes that the armed home invasion has some minimal relevance – a claim the defendant vigorously disputes – its prejudicial effect would far outweigh its probative value.  See Fed. R. Evid. 403.  The trauma suffered by the defendant and his family through the armed home invasion has no probative value on the issue of whether he committed an arson offense in Lowell two and a half years earlier.  It could, however, confuse the jury by erroneously implying that the defendant owes debts to or cavorts with a criminal element.  In a circumstantial case where the government has no percipient witnesses who can identify the defendant as the perpetrator of this offense, the Court should exercise extra vigilance against the admission of misleading evidence.

In this instance, the government has indicated that it does not intend to try to introduce evidence of the armed home invasion in its case-in-chief.  The Court, however, should also forbid the government from inquiring about the armed home invasion on cross-examination as well because it simply is so remote and has absolutely no relevance to this case.  The Court, therefore, should exclude this inadmissible, non-relevant home invasion evidence.

WHEREFORE, the defendant respectfully asks the Court to exclude the evidence relating to the armed invasion of his home in Groton.

Dated: March 15, 2007                              Respectfully submitted,
                                                   MICHAEL VACCARO
                                                   By his attorneys,

                                                   /s/ Brad Bailey
                                                   _____
                                                   R. Bradford Bailey, BBO#549749
                                                   Gary G. Pelletier, BBO#631732
                                                   DENNER♦PELLEGRINO, LLP
                                                   Four Longfellow Place, 35th Floor
                                                   Boston, MA 02114
                                                   (617) 227-2800

<u>Certificate of Service</u>

I, Gary G. Pelletier, hereby certify that I have served a true and complete copy of the within motion in limine upon all parties via ECF.

                                                   /s/ Gary G. Pelletier
                                                   _____
                                                   Gary G. Pelletier