```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA    )
                            )
         v.                 )
                            )     CR. NO. 05-10135-NMG
MICHAEL VACCARO             )
                            )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION**
**IN LIMINE TO EXCLUDE STATEMENT**

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Donald L. Cabell, hereby opposes the defendant's motion in limine to exclude evidence that the defendant ordered his wife not to answer a question when police asked her a question regarding a particular brand of coffee.[1]  The statement is unquestionably relevant and its probabtive value far outweighs the risk of unfair prejudice or confusion.

The defendant does not dispute that the statement is relevant, focussing instead on whether admission of the statement would potentially confuse the jury and prejudice the defendant. To be clear, though, the statement is highly probative.

---

[1] Officers went to the defendant's home on January 6, 2005 to speak to the defendant's wife.  Ms. Vaccaro invited the officers into her home and the defendant chose to remain next to her during the interview.  Eventually, the defendant intervened and told the officers that he rather than his wife would answer any additional questions.  The defendant instructed Ms. Vaccaro to go upstairs and she did so.  The defendant then made several statements to the police.  When his wife subsequently returned, ATF S.A. Balos asked her when she had last purchased any Martinsons brand coffee.  At that point, the defendant loudly instructed her not to answer the question.  The Court denied a motion to suppress the defendant's statements.

Investigators at the crime scene recovered evidence suggesting that the explosive device placed at the door included a Martinsons brand coffee jar filled with gasoline. In that light, evidence that the defendant willingly spoke to officers for several minutes, permitted his wife to do the same, but then abruptly terminated the interview when asked about the coffee, a fact which had not been made public, strongly suggests that the defendant feared an affirmative answer to the question might link him to the crime.

The defendant argues, based on <u>Trammel v. United States</u>, 445 U.S. 40 (1980), that the statement should be excluded because the defendant was merely seeking to keep his wife from disclosing information that might harm him, and a wife has a privilege not to testify against her husband. The defendant's argument is fatally flawed, however. The conversation between the Vaccaros and the police did not implicate Ms. Vaccaro's privilege not to testify against the defendant because the government did not seek to compel her to testify against her husband. Rather, Ms. Vaccaro voluntarily made statements to the police in the context of a conversation at the defendant's home in which the defendant both acquiesced and participated. Even assuming for the sake of argument that the privilege were somehow applicable, the privilege was *Ms. Vaccaro's* to assert or waive, not the defendant's. Thus, the defendant, was not, as he contends,

"exercis[ing] a well-recognized evidentiary privilege" when he told his wife not to answer the question.  Further, Ms. Vaccaro surely would be deemed to have waived any privilege when she agreed to speak to officers in the presence of the defendant, and did so.  As such, the defendant surely could not exercise a privilege on behalf of his wife where the privilege unquestionably no longer existed.  The Court should deny the motion.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

                  By:

                                  /s/Donald L. Cabell
                                  DONALD L. CABELL
                                  Assistant U.S. Attorney