UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MICHAEL VACCARO )<br>) | Crim. No. 05-10135-NMG |

### **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Defendant Michael Vaccaro ("the defendant"), by and through undersigned counsel hereby moves this Honorable Court to present its standard instructions and the following specific instructions to the jury following the trial in this matter[1].

**ARSON**

The government claims that on or about October 1, 2004, the defendant, Michael Vaccaro, committed the crime of arson in violation of 18 U.S.C. § 841(i) by setting fire to a building located at 47-49 Chapel Street in Lowell, Massachusetts. I want to instruct you that you cannot find the defendant guilty of the crime of arson unless you unanimously find that the government has proven the following beyond a reasonable doubt.

First, the government must prove to you beyond a reasonable doubt that the defendant destroyed or damaged, or attempted to destroy or damage a building or personal property.

Second, the government must prove to you beyond a reasonable doubt that the building or property that the defendant destroyed or damaged, or attempted to destroy or

---

[1] The Defendant respectfully reserves the right to supplement and/or amend these proposed jury instructions.

damaged was used in interstate commerce or was involved in an activity affecting interstate commerce.

Third, the government must prove to you beyond a reasonable doubt that the defendant damaged or destroyed, or attempted to damage or destroy the building or personal property by means of fire or explosive.

Fourth, the government must prove to you beyond a reasonable doubt that the defendant acted maliciously.

I want to instruct you that the term used in or affecting interstate commerce means active use of the property for commercial purposes and not a passive, passing or past connection to commerce. You may find that the element of use or affect on interstate commerce is satisfied only if you find that the government has proven beyond a reasonable doubt that the property was actively used for business or commercial purposes on October 1, 2004.

I want to instruct you further that a person acts maliciously when he or she intentionally causes damage without just cause or reason.

If you find that the government has proven each and every one of these elements beyond a reasonable doubt, then you must find the defendant guilty of the crime of arson. If you are unable to find that the government has proven each and every one of these elements beyond a reasonable doubt, then you must find the defendant not guilty.


18 U.S.C. § 844(i); <u>United States v. Ruiz</u>, 105 F.3d 1492, 1499 (1st Cir. 1997); Eighth Circuit Model Jury Instructions §§ 3.09 and 6.18.841i.

**<u>POSSESSION OF AN UNREGISTERED FIREARM, 26 U.S.C. § 5861(d)</u>**

The government claims in Count II of the indictment that on or about October 1, 2004, in Lowell, in the District of Massachusetts, that the defendant, Michael Vaccaro, knowingly received and possessed a firearm, which was not registered to the defendant in the National Firearms Registration and Transfer Record.  The government has alleged that the firearm in this case is a destructive device.  A destructive device is any explosive, incendiary, or poison gas bomb, grenade, rocket having a propellant charge of more than four ounces, missile having an explosive or incendiary charge of more than one quarter ounce, mine, or similar device.

I want to instruct you that you cannot find the defendant guilty of this offense unless you unanimously find the government has proven each of the following three elements beyond a reasonable doubt.

First, the government must prove to you beyond a reasonable doubt that the defendant knowingly possessed a firearm.

Second, the government must prove to you beyond a reasonable doubt that the defendant knew of the characteristics of the destructive device as I previously defined that term for you.

Third, the government must prove to you beyond a reasonable doubt that the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.  The question of whether a firearm should have been registered is one for you alone to determine.

I want to instruct you that an act is done knowingly if it is done voluntarily and intentionally, not as a result of mistake or accident.

If you find that the government has proven each and every one of these elements beyond a reasonable doubt, then you must find the defendant guilty of the crime of possession of an unregistered firearm. If you are unable to find that the government has proven each and every one of these elements beyond a reasonable doubt, then you must find the defendant not guilty.

26 U.S.C. § 5861(d); 26 U.S.C. § 5845(a)-(f); Eighth Circuit Model Jury Instructions §§ 3.09 and 6.26.5861; <u>Staples v. United States</u>, 511 U.S. 600, 619 (1994); <u>Bryan v. United States</u>, 373 F.2d 403, 407 (5th Cir. 1967).

## **POSSESSION OF A DESTRUCTIVE DEVICE IN FURTHERANCE OF A VIOLENT CRIME, 18 U.S.C. § 924(c)**

The government claims in Count Three of the indictment that the defendant possessed a destructive device in furtherance of a crime of violence in violation of section 924(c) of Title 18 of the United States Code. I want to instruct you that you cannot find the defendant, Michael Vaccaro, guilty of this offense unless you unanimously find that the government has proven the following elements beyond a reasonable doubt.

First, the government must prove to you beyond a reasonable doubt that the defendant committed the crime of arson charged in count one of the indictment.

Second, the government must prove to you beyond a reasonable doubt that the defendant knowingly used or carried a destructive device during and in relation to the crime of arson or possessed a destructive device in furtherance of that crime.

I want to instruct you that an act is done knowingly if it is done voluntarily and intentionally not as a result of mistake or accident.

A destructive device is any explosive, incendiary, or poison gas bomb, grenade, rocket having a propellant charge of more than four ounces, missile having an explosive or incendiary charge of more than one quarter ounce, mine, or similar device.

To "carry" a destructive device during and in relation to a crime means to move or transport the firearm on one's person or in a vehicle or container during and in relation to the alleged crime of violence. It need not be immediately accessible.

To "use" a destructive device during and in relation to a crime means to employ the firearm actively, such as to brandish, display, barter, strike with, fire or attempt to fire

5

it. The destructive device must have played a role in the crime or must have been intended by the defendant to play a role in the crime. That need not have been its sole purpose, however.

A defendant possesses a destructive device "in furtherance of" a crime if the firearm possession made the commission of the underlying crime easier, safer or faster, or in any other way helped the defendant commit the crime. There must be some connection between the destructive device and the crime of violence, but the destructive device need not have been actively used during the crime

If you find that the government has proven each and every one of these elements beyond a reasonable doubt, then you must find the defendant guilty of the crime of possession of a destructive device in furtherance of a violent crime.  If you are unable to find that the government has proven each and every one of these elements beyond a reasonable doubt, then you must find the defendant not guilty.

18 U.S.C. § 924(c); First Circuit Pattern Jury Instructions:  Criminal, § 4.07 (1998); Eighth Circuit Model Jury Instructions § 3.09.

## **OMISSIONS IN LAW ENFORCEMENT INVESTIGATIONS**

A failure on the part of the United States or its agents to conduct scientific tests or to otherwise follow standard procedure during a police investigation is a factor you may consider in evaluating the evidence presented in this case. With respect to this factor, you should consider three questions:

(1)   Whether the omitted tests or other actions were standard procedure or steps that would otherwise normally be taken under the circumstances;

(2)   Whether the omitted tests or actions could reasonably have been expected to lead to significant evidence of the defendant's guilt or innocence; and

(3)   Whether the evidence provides a reasonable and adequate explanation for the omission of the tests or other actions.

If you find that any omissions in the investigation were significant and not adequately explained, you may consider whether the omissions tend to affect the quality or reliability of the evidence presented by the government. Alternately, you may consider whether the omissions tend to show the existence of police bias against the defendant in conducting the investigation.

All of these considerations involve factual determinations that are entirely up to you, and you are free to give this matter whatever weight, if any, you deem appropriate based on all of the circumstances.

WHREFORE, the defendant respectfully requests that the Court pose the foregoing instructions to the jury.

Dated: March 22, 2007  
Boston, Massachusetts

Respectfully submitted,  
MICHAEL VACCARO  
By his attorneys,

/s/ Gary G. Pelletier  
_____  
R. Bradford Bailey, BBO#549749  
Gary G. Pelletier, BBO#631732  
DENNER♦PELLEGRINO, LLP  
Four Longfellow Place, 35th Floor  
Boston, MA 02114  
(617) 227-2800