UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Crim. No. 05-10135-NMG |
| v. | ) | |
| | ) | |
| MICHAEL VACCARO | ) | |
| | ) | |

**DEFENDANT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

Defendant Michael Vaccaro ("the defendant"), by and through undersigned counsel hereby moves this Honorable Court to permit the following supplemental jury instructions.[1]

**REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Michael Vaccaro, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

---

[1] The defendant reserves the right to file additional submissions supplementing or amending his jury instructions.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Michael Vaccaro is guilty of the crime with which he is charged beyond a reasonable doubt. This burden never shifts to Michael Vaccaro. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

The government has the burden of proving the defendant guilty of each offense beyond a reasonable doubt. Some of you may have served as jurors in civil cases where a judge instructed you that only had to find that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based upon your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that he is not guilty, then you must give him the benefit of the doubt and find him not guilty.

First Circuit Pattern Criminal Jury Instructions § 3.02; Federal Judicial Center, Pattern Jury Instructions § 21 (1988).

**<u>WITNESS CREDABILITY</u>**

You, as jurors, are the sole judges of the weight and credibility of the testimony and of the value to be given to each and any witness who has testified in the case. In reaching a conclusion as to what weight and value you ought to give to the testimony of any witness who has testified in the case, you are warranted in taking into consideration the interest of the witness in the result of the trial.

Take into consideration his or her relation to any party in interest; his or her demeanor upon the witness stand; his or her manner of testifying; his or her tendency to speak truthfully or falsely, as you may believe; the probability or improbability of the testimony given; his or her situation to see and observe; and his or her apparent capacity and willingness to truthfully and accurately tell you what he or she saw and observed; And if you believe any witness testified falsely as to any material issue in this case, then you must reject that which you believe to be false, and you may reject the whole or any part of the testimony of such witness.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory including the witness's ability to perceive or recollect events accurately and anything such as drug use that may impair a witness's ability to perceive or recollect events accurately; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe. You

should carefully study the testimony given, the circumstances under which each witness has testified, and every matter in evidence – including character – which tends to show whether a witness is worthy of belief.

United States v. Merrival, 600 F.2d 717, 719, 720 n. 2 (8th Cir. 1979); United States v. Phillips, 522 F.2d 388, 391 n. 3 (8th Cir. 1975); Clark v. United States, 391 F.2d 57, 60 (8th Cir. 1968); First Circuit Pattern Criminal Jury Instruction § 1.06.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You should draw your inferences, if you choose to draw inferences, solely upon the facts presented by the evidence and not on conjecture, speculation, or other inferences. You are entitled to consider both kinds of evidence – direct and circumstantial. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

First Circuit Pattern Criminal Jury Instruction § 3.05; United States v. Torres-Laranega, 476 F.3d 1148, 1156 n. 5 (10th Cir. 2007).

WHREFORE, the defendant respectfully requests that the Court pose the foregoing instructions to the jury.

| | |
|---|---|
| Dated: March 27, 2007<br>Boston, Massachusetts | Respectfully submitted,<br>MICHAEL VACCARO<br>By his attorneys,<br><br>/s/ Brad Bailey<br>_____<br>R. Bradford Bailey, BBO#549749<br>Gary G. Pelletier, BBO#631732<br>DENNER♦PELLEGRINO, LLP<br>Four Longfellow Place, 35th Floor<br>Boston, MA 02114<br>(617) 227-2800 |