UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.               ) | No. 05-CR-10135-NMG |
| ) | |
| MICHAEL VACCARO       ) | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS MOTION IN LIMINE TO EXCLUDE STATEMENT**

Michael Vaccaro ("the defendant") hereby submits this supplemental memorandum of law in support of his motion in limine seeking an order excluding the admission at trial of his alleged statement directing his wife not to answer a question posed to her by a government agent. Specifically, in October of 2004, ATF Agent Konstantinos Balos ("Balos") appeared at the defendant's home and attempted to ask the defendant's wife a question about the last time she purchased any Martinson Coffee. See United States v. Vaccaro, 445 F. Supp.2d 82, 85 (D. Mass. 2006). "[The] defendant loudly ordered her not to answer and the investigators suspended the interview and left the premises." Id. The defendant asks the Court to exclude testimony of the defendant's order directing his wife not to answer the agent's questions.

In his motion, the defendant relied upon a wife's long-recognized privilege not to testify against her husband if she wishes. Trammel v. United States, 445 U.S. 40, 53 (1980). The defendant argued that the defendant's admonition instructing his wife to remain silent is no

different that if the defendant's attorney had advised her not to answer law enforcement's questions.

During a hearing on March 27, 2007, the Court expressed an inclination to deny the defendant's motion. The Court indicated during the hearing that the marital privilege recognized in <u>Trammel</u> would not apply because the defendant's wife was not about to *testify* against him. The Court, however, allowed the defendant to brief the issue of what constitutes testimony in light of recent Supreme Court precedent and how that precedent applies to the instant case.

The defendant's argument starts with the United States Supreme Court's landmark decision in <u>Crawford v. Washington</u>, 514 U.S. 36, 53 (2004). <u>Crawford</u> greatly expanded the definition of testimony. The Supreme Court held that statements given in response to an investigation by law enforcement officers aimed at discovering evidence of a past crime are testimonial. <u>Id.</u> "The product of such interrogation, whether reduced to a writing signed by the declarant or embedded in the memory (and perhaps notes) of the interrogating officer, is testimonial." <u>Davis v. Washington</u>, 126 S. Ct. 2266, 2276 (2006). "It is, in the terms of the 1828 American dictionary quoted in <u>Crawford</u>, a solemn declaration or affirmation made for the purpose of establishing or proving some fact." <u>Id.</u> (internal brackets and quotations omitted).

Following <u>Crawford</u> and <u>Davis</u>, the defendant's wife's statement in response to a law enforcement investigatory question about the last time she purchased Martinson's brand coffee constitutes testimony. The defendant's wife has a privilege to refuse to testify against her husband. <u>Trammel</u>, 445 U.S. at 53. Based upon <u>Crawford</u> and <u>Davis</u>, Mrs. Vaccaro's privilege extends beyond the witness stand and enables her to refuse to provide any sort of testimony against her husband. The defendant simply admonished her to exercise her privilege. In this respect, he functions in the same manner as an attorney properly advising his client's spouse not

to testify against her husband.  Cf. Brown v. United States, No. 03-520, 2006 WL 2686846, at *4 (E.D. Tex. Sept. 15, 2006) (finding no ineffective assistance when attorney failed to advise his client's spouse that she did not have to testify against her husband where no prejudice resulted from her testimony and wife gave no indication that she would have asserted the privilege if properly advised).  Certainly, the Court would not admit a statement from the defendant's attorney advising his client's wife not to answer the question.  Neither then should it penalize the defendant for attempting to protect a bedrock doctrine of law.  Otherwise, he has no practical way of communicating the message to his wife that she does not have to provide testimony against him by answering law enforcement's questions.  The defendant respectfully requests, therefore, that the Court preclude the admission of his instruction to his wife.

Dated:  March 27, 2007

Respectfully submitted,
MICHAEL VACCARO
By his attorneys,

/s/ Gary G. Pelletier
_____
R. Bradford Bailey, BBO#549749
Gary G. Pelletier, BBO#631732
DENNER●PELLEGRINO, LLP
Four Longfellow Place, 35th Floor
Boston, MA  02114
(617) 227-2800

Certificate of Service

I, Gary G. Pelletier, hereby certify that I have served a true and complete copy of the within opposition memorandum upon all parties via ECF.

/s/ Gary G. Pelletier
_____
Gary G. Pelletier

3