UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA ) | ) | |
| v. | ) | No. 05-CR-10135-NMG |
| MICHAEL VACCARO | ) ) ) | |

**DEFENDANT'S MOTION FOR MISTRIAL**

Michael Vaccaro ("the defendant"), by and through undersigned counsel, hereby moves this Honorable Court to enter an order declaring a mistrial in this case. As the basis for this motion, the defendant avers that the government irreversibly prejudiced the jury when it intentionally described in its opening statement the defendant's supposed decision not to take a polygraph test.

It is well-established that a defendant's refusal to submit to a polygraph examination is inadmissible at trial. Conley v. United States, 323 F.3d 7, 31 n. 17 (1st Cir. 2003) (*en banc*); deVries v. St. Paul Fire and Marine Ins. Co., 716 F.2d 939, 945 (1st Cir. 1983). Moreover, a defendant's refusal to submit to a polygraph examination also raises serious Fifth Amendment self-incrimination concerns. United States v. York, 357 F.3d 14, 24-25 (1st Cir. 2004). Here, the government violated the defendant's Fifth Amendment rights by pointedly directing the jury's attention to the fact that the defendant ultimately refused to take a polygraph test.

Although the First Circuit apparently has not addressed the question of the proper remedy to employ when a government agent mentions polygraph evidence, other circuits have squarely

considered this issue. The Fourth Circuit, for example, has held that "[w]here an impermissible reference to a polygraph has been interjected, the [district] court usually may cure the error by striking the evidence and instructing the jury to disregard it. Curative instructions, however, are not always adequate. There are instances where the jury is exposed to inadmissible evidence which could make such a strong impression that instructions to disregard it may not remove its prejudicial effect." United States v. Brevard, 739 F.2d 180, 182 (4th Cir. 1984). The Sixth Circuit has also adopted the Fourth Circuit's rationale. United States v. Walton, 908 F.2d 1289, 1294 (6th Cir. 1990).

In assessing the harm caused by an improper polygraph reference, courts have considered questions of whether the statement was intentional or inadvertent. See United States v. Tender, 801 F.2d 1437, 1445 (4th Cir. 1986); United States v. Murray, 784 F.2d 188 (6th Cir. 1986) (finding the need for a mistrial rather than a curative instruction where an experienced FBI agent intentionally introduced polygraph information); see also, United States v. Rigney, No. 89-5617, 1990 WL 52516, at *1 (4th Cir. April 19, 1990) (per curiam) (noting that if the Assistant United States Attorney had even inadvertently referenced a polygraph examination, "there might be a serious problem"). Courts have also considered the effects of the reference taken in the context of the case as a whole. Courts have favored a mistrial rather than a curative instruction in those cases where the government's evidence is largely circumstantial or conjectural. Brevard, 739 F.2d at 183.

Here, the government's polygraph statement was far more than inadvertent; it was unquestionably intentional. It also misstated the evidence. During the opening statement, the government argued that the jury would hear that the defendant offered to take a polygraph test and then simply reversed his position after the agents "called his bluff." According to a police

report, however, the defendant "stated that he would take a polygraph. When [the defendant] was offered that opportunity, he replied that he would have to check with his attorney and get back to the investigators." (ATF Report dated January 6, 2005).

As the First Circuit has pointed out, it will not admit evidence of the failure to take a polygraph examination given that the failure could have resulted from any number of reasons. United States v. Zaccaria, 240 F.3d 75, 81 (1st Cir. 2001). This case also presents a situation where the failure to take a polygraph could have resulted from a number of reasons – reasons protected by the Fifth and Sixth Amendments to the United States Constitution. For example, the defendant's attorneys may have advised him not to take a polygraph or the defendant simply could have decided to exercise his Fifth Amendment rights. Regardless, the government cannot comment on this "failure" without implicating his constitutional guarantees.

The harm triggered by the government's polygraph argument in this case is irreparable. As the government clearly indicated in its opening statement, this is a case built entirely upon circumstantial evidence. Unlike the situation in Brevard where the court found a mistrial the appropriate remedy, this case involves no eyewitnesses. Not a single government witness can place the defendant at the scene of the crime. No physical or forensic evidence exists tying the defendant to this crime. In a case built upon circumstance and inferences drawn from circumstance, a deliberate statement that the defendant refused to take a polygraph test has immeasurable consequences. Hearing about the defendant's refusal to take a polygraph test, a limiting instruction simply cannot render this improper statement harmless. A mistrial is the only cure.

The defendant respectfully asks the Court to declare a mistrial in this case. Although he contends that a curative instruction cannot remedy the harm in this case, he requests that the

Court deliver one if it does not grant his motion for a mistrial. The defendant also asks the Court to preclude the government from making any further reference (directly or indirectly) to the alleged polygraph refusal. The defendant proposes that the curative instruction state as follows:

> In its opening statement, the government stated that you will hear evidence that the defendant did not take a polygraph examination in this case after he offered to take one. That will not happen. You will not hear evidence from any witness that the defendant refused to take a polygraph test. I have stricken the prosecutor's remarks from the record. You are not to consider them as you listen to the evidence or when you deliberate in this case. You are to draw no negative inference against the defendant from anything you heard from the government regarding a polygraph test. Polygraph test evidence is not a part of this case.

WHEREFORE, the defendant respectfully asks the Court to allow his motion and grant a mistrial in this case.

Dated: April 2, 2007

Respectfully submitted,
MICHAEL VACCARO
By his attorneys,

/s/ Gary G. Pelletier
_____
R. Bradford Bailey, BBO#549749
Gary G. Pelletier, BBO#631732
DENNER●PELLEGRINO, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114
(617) 227-2800

Certificate of Service

I, Gary G. Pelletier, hereby certify that I have served a true and complete copy of the within opposition memorandum upon all parties via ECF.

/s/ Gary G. Pelletier
_____
Gary G. Pelletier