UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | No. 05-CR-10135-NMG |
| MICHAEL VACCARO | ) ) ) | |

**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

Michael Vaccaro ("the defendant"), by and through undersigned counsel, hereby moves this Honorable Court to enter a judgment of acquittal in accordance with Rule 29 of the Federal Rules of Criminal Procedure. As the basis for this motion, the defendant avers that taking the evidence in a light most favorable to the government and giving the government the benefit of all *reasonable* inferences drawn from the evidence, no reasonable jury could find the defendant guilty of the charges set forth in the indictment beyond a reasonable doubt. United States v. Bravo, No. 05-1144, 2007 WL 852657, at *5 (1st Cir. March 22, 2007).

This case primarily presents the question of the sufficiency of the evidence to sustain an arson charge. 18 U.S.C. § 844(i). The First Circuit's decision in United States v. Patel, 370 F.3d 108, 112-113 (1st Cir. 2004), governs this case. In Patel, the First Circuit considered the question of sufficiency of the evidence in a case based entirely upon circumstantial evidence. After deciding that the evidence overwhelmingly supported the contention that someone deliberately set the fire in question, the Patel Court noted that the defendant was in debt, made statements prior to the fire that the building's electrical system constituted a fire hazard, and was alone in

the building when the fire occurred. Id. at 112. The Patel Court found the evidence sufficient to support the verdict. The First Circuit analyzed similar cases from the Seventh and Eighth Circuits where those courts also found the evidence sufficient to sustain the guilty verdicts. Id. at 133-114. Based upon its detailed explanation for its decision and its comparative analysis with its sister circuits, Patel appears to have set the floor for sufficient evidence to support a verdict.

Patel stands in contrast to United States v. DeCicco, 439 F.3d 36, 43-44 (1st Cir. 2006). In DeCicco, the First Circuit noted that Judge Harrington had granted a Rule 29 motion where evidence existed that the defendant faced severe financial difficulties, had obtained insurance on his building, and a suspicious fire occurred just days before the building's insurance policy would have lapsed. The facts in DeCicco and Patel appear far stronger than the facts in this case.

Like DeCicco and Patel, the government premises this case upon circumstantial evidence. While a jury may base a verdict upon circumstantial evidence, it cannot base its decision upon speculation and conjecture. See United States v. Carucci, 364 F.3d 339 (1st Cir. 2004). This case, however, presents far less evidence than either Patel or DeCicco. Unlike Patel, no witnesses place the defendant at the scene of the crime and, unlike DeCicco, the defendant here did not take an insurance policy out on the building in question. Although several witnesses reportedly saw the defendant at 47 Chapel Street earlier in the day, no witness saw him there at night at the time of the fire. Moreover, John Souza, the closest example the government has to a percipient witness, describes a 30 year old man placing a coffee can on the stoop of 47 Chapel Street and exiting the scene in a late 1990s/early 2000s Chevy or Buick. (Trial Transcript, Day 2, at 38, 43-47) The government has no other evidence other than the fact that the defendant's wife purchased Martinson's coffee in September of 2004.

Souza's testimony is meaningless to the government. The defendant was not a 30-year-old man. He drives a Dodge truck not a late 90s Chevy or Buick. Moreover, the police found no evidence of a coffee can recovered in the explosion. As this testimony appears in the record, the Court may consider it without weighing John Souza's credibility.

Given the absence of corroboration from Souza's testimony, the government has, taking the evidence in a light most favorable to the government, established a motive and the fact that the defendant's wife purchased Martinson's coffee. The evidence simply does not allow for the inference that the defendant started this fire. Rather than an inference, the government's case rests on rank speculation and conjecture. A motive and a Martinson's jar do not even establish probable cause that the defendant committed this crime much less guilt beyond a reasonable doubt. No reasonable jury could find the defendant guilty of these offenses and the Court, therefore, following the precedent outlined in DeCicco, should enter a judgment of acquittal.

WHEREFORE, the defendant respectfully asks the Court to allow his motion for judgment of acquittal.

Dated: April 10, 2007

Respectfully submitted,
MICHAEL VACCARO
By his attorneys,

/s/ Gary G. Pelletier
_____
R. Bradford Bailey, BBO#549749
Gary G. Pelletier, BBO#631732
DENNER●PELLEGRINO, LLP
Four Longfellow Place, 35th Floor
Boston, MA  02114
(617) 227-2800

<u>Certificate of Service</u>

I, Gary G. Pelletier, hereby certify that I have served a true and complete copy of the within defendant's motion for judgment of acquittal upon all parties via ECF.

/s/ `Gary G. Pelletier`
_____
Gary G. Pelletier