```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
        v.                  )
                            )    CR. NO. 05-10135-NMG
MICHAEL VACCARO             )
                            )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR JUDGMENT OF ACQUITTAL**

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Donald L. Cabell, hereby opposes the defendant's motion to for a judgment of acquittal. Taking the evidence in a light most favorable to the government, and giving the government the benefit of all reasonable inferences to be drawn from the evidence, a reasonable jury easily could find beyond a reasonable doubt that the defendant committed the arson at 47 Chapel Street.[1]

First, the jury could conclude from the testimony of John Sousa that someone placed a device at the front door of 47 Chapel Street at aproximately 10:35 p.m. The jury could further conclude from the testimony of Antonio DeFreitas, Thomas Mascaro and Mark Mascaro, and the leases offered into evidence, that the

---

[1] Although the defendant seeks a judgment of acquittal on all counts, he narrowly characterizes the Rule 29 issue in this case as whether the evidence is sufficient "to sustain an arson charge," and he does not at any point argue that the evidence does not support a reasonable finding that the item that caused the fire was a destructive device. See Def.'s Motion, pg. 1 ("This case primarily presents the question of the sufficiency of the evidence to sustain an arson charge. 18 U.S.C. §844(i)").

property at 47 Chapel street was rental property and thus in or affecting interstate commerce.

The jury could further find from the 911 tape and the collective testimony of Virginia Rivera and Thomas Mascaro that the device that was placed at the door was lit, which caused the sparks Ms. Rivera saw, and then exploded and caused the boom and ensuing fire and damage to 47 Chapel Street.

Further, although the defendant does not challenge it, the jury could further conclude from the consistent and collective testimony of Lieutenant Strunk, Trooper Welch, ATF explosives expert Roy House, and State Crime Lab Chemists Melissa O'Meara and John Drugan that the device was an improvised explosive device consisting of a jar of gasoline to which was attached a pyrotechnic device.

Finally, the jury could conclude from Anissa Willette, Thomas Mascaro, Mark Mascaro and Antonio DeFreitas, the photo arrays, and the defendant's testimony, that the defendant drove a dark colored truck to 47 Chapel Street on October 1st, hours before the explosion, to have sex with Anissa Willette. They could find that Anissa Willette stole the defendant's money and failed to perform the agreed upon sexual act(s). They could further find that the defendant said "I'll be back," that, hours later, through John Sousa, a man returned and placed a device there, that the man generally matched the description of the

defendant and also drove a dark colored truck, that the defendant subsequently lied to police officers on two occasions regarding his actions in Lowell, and, ultimately, that the defendant was in fact the person who placed the explosive device at 47 Chapel Street.

The defendant's reliance on Patel and DeCicco is misplaced. The defendant argues that Patel, in which the First Circuit found the evidence to have been sufficient to support the jury's guilty verdict, "appears to have set the floor for sufficient evidence to support a verdict," but he fails to state why this is so and nowhere in the opinion is there any suggestion that the Court intended for Patel to become a seminal case for purposes of determining whether evidence presented in an arson case is sufficient to support a jury verdict.

Similarly, DeCicco is inapplicable to the case at bar because, although Judge Harrington entered a judgment of acquittal with respect to two counts in that case, the appeal related to completely unrelated issues. Accordingly, the First Circuit did not have occasion to address the appropriateness of the district court's ruling and there is, as a result, nothing in the case discussing what might or might not be sufficient in an arson case for Rule 29 purposes. In short, Patel and DeCicco are not applicable here.

Finally, to the extent the defendant cites to descriptions

given by witnesses which, he contends, do not point to the defendant, it suffices to point out that the evidence "need not exclude every hypothesis of innocence" to sustain a conviction. United States v. Scantleberry-Frank, 158 F.3d 612, 616 91st Cir. 1998).

The Court should therefore deny the defendant's motion for a judgment of acquittal.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By:

                                      /s/Donald L. Cabell
                                      DONALD L. CABELL
                                      Assistant U.S. Attorney