UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CR. NO. 05-10135-NMG |
| MICHAEL VACCARO ) | |
| ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO ADMISSIBILITY OF MARITAL COMMUNICATIONS**

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Donald L. Cabell, hereby submits this brief response addressing the issue raised at the trial today, whether statements made by the defendant to his spouse are admissible. As the Court is aware, the defendant testified that he had solicited a prostitute who later robbed him, and the government subsequently asked the defendant on cross examination whether it was true that he had disclosed this fact to his wife.

The marital communications privilege permits a federal crimnal defendant to refuse to testify, and to prevent his or her spouse from testifying, regarding confidential communications that took place during the marriage. United States v. Bey Jr., 188 F.3d 1 (1st Cir. 1999); United States v. Rakes, 136 F.3d 1 (1st Cir. 1998); United States v. Picciandra 788 F.2d 39 (1st Cir. 1986). The government acknowledges that it typically may not elicit the substance of such communications in the course of a trial.

Arguably, though, the issue presented in this case is

different because the defendant's spouse subsequently disclosed the communication to law enforcement officers.  Although the undersigned, under time constraints, was unable to find any law statute or regulation directly on point in this district, California Evidence Code §912 provides that an otherwise privileged marital communication is waived if any holder of the privilege has disclosed a significant part of the communication.

Regardless, if there was error here, it was harmless because the defendant had already testified that he solicited a prostitute who later robbed him.  Admitting evidence that he later admitted the same to his wife, balanced against the whole of the evidence in this case, surely was harmless error.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:

        /s/Donald L. Cabell
        DONALD L. CABELL
        Assistant U.S. Attorney