UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 05-CR-10135-NMG |
| ) | |
| MICHAEL VACCARO ) | |

**DEFENDANT'S MOTION TO STRIKE TESTIMONY**

Michael Vaccaro ("the defendant"), by and through undersigned counsel, hereby moves this Honorable Court to enter an order striking the defendant's testimony regarding marital communications elicited during the government's cross-examination of the defendant. The defendant also seeks an order barring the government from referring to marital communication testimony (either directly or indirectly) during closing argument. As the basis for this motion, the defendant avers that the government prejudiced the jury when it intentionally elicited questions about discussions that occurred between the defendant and his wife regarding his admission to her that he frequents prostitutes.

It is axiomatic that marital communications between a husband and wife are presumptively privileged. Blau v. United States, 340 U.S. 332, 333 (1951). With roots firmly entrenched in English common law, the privilege exists to "protect the sanctities of husband and wife" rather than "destroy the best solace of human existence." Stein v. Bowman, 38 U.S. 209, 223 (1839). The party seeking to introduce the statement bears the burden of overcoming the presumption against its admission. Blau, 340 U.S. at 333. The party seeking to introduce the

marital communication can overcome the presumption by demonstrating that the person transmitting the statement to his spouse did not intend to keep the information confidential. Id. at 334.

The marital communications privilege allows an individual "to prevent a spouse or former spouse from testifying, as to any confidential communication made by the individual to the spouse during their marriage." United States v. Rakes, 136 F.3d 1, 3 (1st Cir. 1998). The marital communication rule stands in sharp contrast to the spousal right to refuse to testify against a spouse. Trammel v. United States, 445 U.S. 40, 51 (1980). In the latter case, the spouse – and the spouse alone – has a privilege to refuse to testify against the other spouse. Id. at 52. In the case of a marital communication, however, either spouse can assert the privilege and, thereby, disqualify the admission of the confidential communication. Trammel, 445 U.S. at 51 (Marital "confidences are privileged under the independent rule protecting marital communications); Blau, 340 U.S. at 334 (holding that husband has a right to refuse to testify about his wife's confidential admission to him that she committed a crime); Rakes, 136 F.3d at 3 (holding that one spouse may prevent another spouse from testifying about marital communications).

In view of well-established precedent, the government's questions designed to elicit confidential marital communications between the defendant and his wife were improper. The defendant had every right to rely upon the marital privilege doctrine. Moreover, the government's argument that Mrs. Vaccaro waived the privilege is irrelevant. As clearly recognized by the United States Supreme Court and the First Circuit, the marital privilege belongs to the defendant. He can compel her not to testify about marital communications. She has no right or ability to waive his privilege. He has every right to rely on that privilege. Hence,

when the government asked him whether and when he told his wife that he frequented prostitutes, it eviscerated his privilege to keep his marital communications confidential. The need for that privilege is particularly acute here where the government suggests that the defendant did something improper by eventually confiding to his wife that he frequented prostitutes while refusing to disclose the same information to the police. Indeed, this case illustrates the reason for the privilege: A person should feel safe confiding his deepest secrets to his spouse without fear of disclosure or questioning as to why he did not reveal those confidential communications to the police. By violating this privilege, the government has harmed the defendant.

The defendant asks the Court to cure the harm by striking all of his cross-examination testimony concerning or relating to the defendant's communications with his wife. The defendant also asks the Court to preclude the government from making any further reference (directly or indirectly) to the marital communications. Finally, the defendant proposes that the Court provide the jury with a curative instruction that states as follows:

During the government's cross-examination of the defendant, the government asked the defendant several questions about communications that he had with his wife regarding prostitution. That was an error. Communications between a husband and a wife within the course of their marriage are privileged. I have, therefore, stricken the government's questions and the defendant's answers from the record. You are not to consider either the questions or the answers as when you deliberate in this case. You are to draw no negative inference against the defendant from anything you heard from either the government or the defendant regarding communications that occurred during course of the defendant's marriage.

WHEREFORE, the defendant respectfully asks the Court to allow his motion and strike the challenged testimony from the record with a proper curative instruction.

Dated:  April 10, 2007                                          Respectfully submitted,
                                                                MICHAEL VACCARO
                                                                By his attorneys,

                                                                /s/ Gary G. Pelletier
                                                                _____
                                                                R. Bradford Bailey, BBO#549749
                                                                Gary G. Pelletier, BBO#631732
                                                                DENNER●PELLEGRINO, LLP
                                                                Four Longfellow Place, 35th Floor
                                                                Boston, MA  02114
                                                                (617) 227-2800


                                    Certificate of Service

I, Gary G. Pelletier, hereby certify that I have served a true and complete copy of the within opposition memorandum upon all parties via ECF.

                                                                /s/ Gary G. Pelletier
                                                                _____
                                                                Gary G. Pelletier