UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | No. 05-CR-10135-NMG |
| MICHAEL VACCARO | ) ) ) | |

**<u>DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S
OBJECTION TO ADMISSIBILITY OF MARITAL COMMUNICATION</u>**

Michael Vaccaro ("the defendant"), by and through undersigned counsel, hereby submits this reply to the government's response to his objection to the admissibility of the martial communication information. Relying upon California Evidence Code § 912, the government argues that "an otherwise privileged marital communication is waived if any holder of the privilege has disclosed a significant part of the communication." (Government's Response at 2). The government's response fails to consider § 912(b) of the same California Evidence Code. Section 912(b) states that "[w]here two or more persons are joint holders of a privilege . . ., a waiver of the right of a particular joint holder of the privilege does not affect the right of another joint holder to claim the privilege. In the case of the privilege provided by Section 980 (privilege for confidential marital communications), a waiver of the right of one spouse to claim the privilege does not affect the right of the other spouse to claim the privilege." Cal. Evid. Code § 912(b).

Rather than permit the admission of the marital communications as the government suggests, the California Evidence Code explicitly permits an individual to continue to assert the

marital communications privilege even when his spouse has waived it. The California Evidence Code simply codifies a common law axiom of American and English jurisprudence in existence long prior to the founding of the United States. See Stein v. Bowman, 38 U.S. 209, 221 (1839) (citing Aveson v. Kinnaird, 6 East 192) ("the confidence that subsisted between [spouses] at the time, shall not be violated in consequences of any future separation"). Specifically, each spouse holds the privilege to prohibit the disclosure of spousal communications at trial. Blau v. United States, 340 U.S. 332, 333-334 (1951); Stein, 38 U.S. at 222; United States v. Rakes, 136 F.3d 1, 3 (1st Cir. 1998). Given that the privilege survives divorce, it is illogical to suggest that one spouse can unilaterally waive it. Stein, 38 U.S. at 221; Rakes, 136 F.3d at 3 (privilege permits one spouse "to prevent a spouse or former spouse from testifying, as to any confidential communication made by the individual to the spouse during their marriage") (emphasis added). Either spouse may claim it regardless of the actions or inactions of the other.

Apart from the government's erroneous reliance upon the California Evidence Code, the government ignores the immense harm wrought by its actions. It is irrelevant whether the defendant had already testified that he had solicited a prostitute who robbed him. The government did not introduce the defendant's communication to his wife to bolster his testimony that a prostitute had robbed him; the government introduced it to imply that the defendant lied to law enforcement because he had already made admissions to his wife about his dealings with the prostitute. The implication is that if he had already told his wife about the prostitution, then he lied to the jury when he said he felt uncomfortable discussing prostitution with his wife present. It also provided justification to ask the defendant why, if had told his wife about the prostitution, he did not later contact law enforcement to address their questions. Through its line of

2

questioning, the government implies that the prostitution justification was a mere pretense to justify why he would not speak with law enforcement about this alleged arson crime.

Using his marital communications against him to imply he is a liar is not harmless error. In fact, both the harm and the error are palpable. The defendant believes that the Court can cure both the harm and the error by striking the illicit testimony and providing the curative instruction proposed in the defendant's motion to strike testimony. The defendant also requests that the Court bar the government from directly or indirectly mentioning the defendant's confidential marital communications.

For the foregoing reasons, the defendant respectfully asks the Court to allow his motion to strike testimony and provide him with the relief requested therein.

Dated: April 10, 2007

Respectfully submitted,
MICHAEL VACCARO
By his attorneys,

/s/ Gary G. Pelletier
_____
R. Bradford Bailey, BBO#549749
Gary G. Pelletier, BBO#631732
DENNER●PELLEGRINO, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114
(617) 227-2800


Certificate of Service

I, Gary G. Pelletier, hereby certify that I have served a true and complete copy of the within opposition memorandum upon all parties via ECF.

/s/ Gary G. Pelletier
_____
Gary G. Pelletier

3